UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ROY BURSON, | : Case No. 1:25-cv-620 |
| Plaintiff, | : |
| vs. | : District Judge Matthew W. McFarland |
| | : Magistrate Judge Elizabeth P. Deavers |
| SOUTHEASTERN CORRECTIONAL COMPLEX, et al., | : |
| Defendants. | : |

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Southeastern Correctional Institution (SCI), has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

**A. Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous,

malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31.  *See also* § 1915A(b).  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

---

[1] Formerly 28 U.S.C. § 1915(d).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

B. **Allegations in the Complaint**

Plaintiff brings this action in connection with the alleged denial of access to courts at SCI. Specifically, plaintiff alleges that the Ohio Supreme Court granted his motion for leave to file a delayed appeal on November 26, 2024. (Doc. 1-1, Complaint at PageID 18). Plaintiff was provided thirty days to file a memorandum in support of jurisdiction. According to plaintiff, he

3

prepared his memorandum and mailed two copies to the Brown County Court and Ohio Supreme Court on December 9, 2024 and December 12, 2024, respectively. He was charged $3.71 in postage for each mailed copy. However, on December 31, 2024 he received a letter from the Ohio Supreme Court indicating that his memorandum was due by December 26, 2024, that he had not filed a memorandum in support of jurisdiction, and that his case was dismissed. (*See id.* at PageID 21). Plaintiff subsequently learned that his mail to the Ohio Supreme Court was not mailed due to insufficient funds.

Plaintiff filed a grievance against defendants Justin Jenkins and Nicholas Giffi for not sending out his mail. Plaintiff was told that a denied cash slip was issued. Plaintiff maintains, however, that he never received any notification. Plaintiff subsequently escalated the grievance to defendant Inspector Miller. According to plaintiff, Miller ruled in his favor on the grievance and reported the issue to defendant Warden Robinson on January 29, 2025. (*Id.* at PageID 19, 29). Plaintiff further alleges that it was determined that the mailroom staff lied about him having insufficient funds and the cashiers office approved the cash slip, but that the mailroom intentionally did not process his legal mail because of his criminal case.

C. **Analysis.**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with his First Amendment access to courts claim against defendants Jenkins and Giffin, based on his allegation that these defendants intentionally failed to mail his memorandum in support of jurisdiction to the Ohio Supreme Court,

4

resulting in the dismissal of plaintiff's case. Plaintiff's claims against these defendants are deserving of further development and may proceed at this juncture.[2]

Plaintiff's claims against the remaining defendants should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, the Southeastern Correctional Complex should be dismissed as a defendant to this action. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b). Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, the Southeastern Correctional Complex should be dismissed as a defendant to this action.

---

[2] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure.

The remaining defendants, Warden Robinson and Inspector Miller, should also be dismissed. With respect to Robinson, the complaint must be dismissed to the extent that plaintiff seeks to hold this defendant liable for the conduct of subordinates or for failure to take corrective action. *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, § 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendant Robinson is the SCI Warden is not enough to impose liability on this defendant under section 1983.

Furthermore, to the extent that plaintiff seeks to hold Robinson or Inspector Miller liable in connection with the investigation of his grievances, his claims are also subject to dismissal. Plaintiff alleges that he sent Miller a kite inquiring as to what action Robinson took regarding his issues with the mail room, but was told that he was not privileged to that information. (*See* Doc. 1-1, Complaint at PageID 19). However, prison officials whose only roles "involve their denial of administrative grievances and their failure to remedy the alleged [unconstitutional] behavior'" cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). Nor does a prison official's alleged failure to adequately investigate claims of misconduct rise to the level of "encouragement" that would make the official liable for such misconduct. *Knop v. Johnson,* 977 F.2d 996, 1014 (6th Cir. 1992); *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Therefore, plaintiff's claims against defendants Robinson and Miller brought in connection with the grievance

6

process and investigation should be dismissed for failure to state a claim upon which relief may be granted.

Accordingly, in sum, plaintiff may proceed with his First Amendment access to courts claim against defendants Jenkins and Giffin, based on his allegation that these defendants intentionally failed to mail his memorandum in support of jurisdiction to the Ohio Supreme Court, resulting in the dismissal of plaintiff's case.

However, plaintiff has failed to provide completed summons and U.S. Marshal forms for service on these defendants.[3] It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for defendants Jenkins and Giffin. Once the Court receives the requested forms the Court will order service of process by the United States Marshal.

Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

## IT IS THEREFORE RECOMMENDED THAT:

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with the exception of plaintiff's First Amendment access to courts claim against defendants Jenkins and Giffin.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

---

[3] Plaintiff's summons forms submitted with the complaint are not addressed to individual defendants and the U.S. Marshal forms are blank. (*See* Doc. 1-2 and 1-3).

7

**IT IS THEREFORE ORDERED THAT:**

1. **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit completed summons and U.S. Marshal forms for defendants Jenkins and Giffin.  Once the Court receives the requested forms the Court will order service of process by the United States Marshal.

2. The Clerk of Court is **DIRECTED** send to plaintiff summons and United States Marshal forms for this purpose.

3. Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

Date:   September 9, 2025                             s/ *Elizabeth A. Preston Deavers*
                                                      Elizabeth A. Preston Deavers
                                                      United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8