**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ROY BURSON,** : | |
| **Plaintiff,** : | |
| : | |
| **v.** : | **Case No. 1:25-cv-620** |
| : | **Judge Matthew W. McFarland** |
| : | **Magistrate Judge S. Courter M. Shimeall** |
| **SOUTHEASTERN CORRECTIONAL** : | |
| **COMPLEX, *et al.*,** : | |
| : | |
| **Defendants.** | |

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Amend.  (ECF No. 26.)  Defendants Justin Jenkins and Nicholas Giffin oppose Plaintiff's request.  (ECF No. 28.)  Upon review, the Undersigned **RECOMMENDS DENYING** Plaintiff's Motion to Amend **WITHOUT PREJUDICE**.

On October 7, 2025, the Court adopted the Magistrate Judge's Report and Recommendation, and Plaintiff was permitted to proceed with his First Amendment access-to-courts claim against Defendants Jenkins and Giffin.  (ECF No. 12.)  On January 30, 2026, the Magistrate Judge issued a scheduling order, setting the deadline for amending pleadings as March 31, 2026.  (ECF No. 24.)  Thereafter, on February 23, 2026, Plaintiff filed a timely Motion to Amend.  (ECF No. 26.)

Under Rule 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001)

(noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits" (internal quotations omitted)). "Nevertheless, leave to amend 'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)).

Upon review of Plaintiff's motion, there does not appear to be any: (1) new causes of action asserted; (2) change in defendants; or (3) additional factual allegations other than what has already been alleged in his original Complaint regarding the First Amendment access-to-courts cause of action. (*Compare* Compl., ECF No. 5 *with* ECF No. 26.)  Indeed, Plaintiff indicates as much when he states that he wanted to "reiterate the issues before this Court," and then provides what appear to be legal search engine headnotes and general caselaw excerpts.  As such, the Undersigned **RECOMMENDS** that Plaintiff's Motion to Amend (ECF No. 26) be **DENIED WITHOUT PREJUDICE** as futile because it does not seek to add or change anything beyond what is already alleged in the current Complaint.

**<u>PROCEDURE ON OBJECTIONS</u>**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

2

evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**

3