**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION – AT CINCINNATI**

| | | |
|---|---|---|
| **ROY BURSON,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**SOUTHEASTERN CORRECTIONAL COMPLEX, *et al.*,**<br><br>**Defendants.** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | **Case No. 1:25-cv-00620**<br>**Judge Matthew W. McFarland**<br>**Magistrate Judge S. Courter M. Shimeall** |

**REPORT AND RECOMMENDATION**

Plaintiff, an Ohio inmate proceeding without the assistance of counsel, brings this action under 42 U.S.C. § 1983 for alleged violations of his constitutional rights while incarcerated. This matter is before the Court for consideration of Defendants' Motion for Summary Judgment. (ECF No. 33.) For the following reasons, it is recommended that Defendants' Motion for Summary Judgment be **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed this action on August 25, 2026, against several officials of the Southeastern Correctional Institution ("SCI") arising from alleged interference with his legal mail. (ECF No. 5.) Following the Magistrate Judge's review under 28 U.S.C. § 1915(e)(2)(B), and §1915A(b) (ECF No. 6), and the Court's adoption of that Order (ECF No. 12), Plaintiff's First Amendment access to courts claim was allowed to proceed against Defendants Justin Jenkins ("Jenkins") and Nicholas Giffin ("Giffin").

In support of his surviving claim, Plaintiff alleges that the Supreme Court of Ohio granted him leave to pursue a delayed appeal on November 26, 2024, and provided thirty days to file a

memorandum in support of jurisdiction. (ECF No. 5, at PAGEID #: 51, 53.)[1] Plaintiff alleges that he prepared his legal memorandum and submitted copies for mailing to the mail room, for mailing to the Brown County court on December 9, 2024, and to the Supreme Court of Ohio on December 12, 2024. According to Plaintiff, his account was charged $3.71 in postage for each mailing. (ECF No. 5, at PAGEID #: 51). Defendant's evidence supports these charges. (*See* ECF No. 33, at PAGEID #: 313.)

The Supreme Court of Ohio did not receive his memorandum and, on December 31, 2024, dismissed his appeal for failure to file it by the December 26, 2024, deadline. (ECF No. 5, at PAGEID #: 54.)[2]

Plaintiff alleges that after he filed a grievance concerning the unsent memorandum, he was told that mailroom staff had withheld the mailing because he lacked sufficient funds for postage and had returned a denied cash slip to him. (*Id.* at PAGEID #: 51.) Plaintiff maintains that he never received that notification and that the Cashier's Office had approved the cash slip. (*Id.*) He further alleges that Inspector Miller granted his grievance and reported the issue to the Warden, but that no further action has been taken. (*Id.*; *see also* PAGEID #: 62.) According to Plaintiff, Jenkins and Giffin lied about the insufficient funds and intentionally failed to process his legal mail because of his underlying criminal case. (ECF No. 5, at PAGEID #: 51–52; ECF No. 6, at PAGEID #: 66.) The grievance materials attached to the Complaint reflect that Plaintiff's grievance was granted, capturing the issue as follows:

---

[1] Although the Complaint is not considered evidence for purposes of summary judgment, Plaintiff has not provided a response in opposition, so the Undersigned references the Complaint as necessary here to provide the relevant context.

[2] A review of the Ohio Supreme Court's website, *State of Ohio v. Roy Burson*, Case Number 2024-1337, available at https://www.supremecourt.ohio.gov/Clerk/ecms/ - /caseinfo/2024/1337, confirms that Plaintiff's appeal was dismissed for want of prosecution on December 31, 2024.

> In speaking with the mailroom staff, I was advised that the mail was not sent out because the DRC1004 came back stating that there were insufficient funds in your account to cover the postage. The Mailroom could not provide a copy of this form. In speaking with the Cashier's Office, I was advised that the DRC1004 was approved, your account was charged, and the mail should have been sent out. The Cashier's Office was able to provide a copy of the form. I will report these findings to the Managing Officer (Warden) recommending corrective action, [and] your grievance is granted.

(ECF No. 5, at PAGEID #: 61–62).

On February 23, 2026, Plaintiff moved to amend his complaint. (ECF No. 26.) The Undersigned recommended denial of the amendment as futile because he did not assert new claims, add or drop parties, or introduce new facts. (*See* ECF No. 29.) On May 14, 2026, the Court adopted that Report and Recommendation over Plaintiff's Objection. (ECF No. 32.)

Thereafter on July 23, 2026, Defendants filed a motion for summary judgment. (ECF No. 33.) Although Plaintiff filed a motion to subpoena records (ECF No. 34) on August 27, 2026, and a Motion for Appointed Counsel (ECF No. 36) on September 14, 2026, both of which were denied (ECF Nos. 35, 37), he did not file an opposition to Defendants' summary judgment motion.

In support of their Motion, Defendants submit their declarations, electronic communications with Plaintiff concerning his outgoing mail, prison grievance records, and records from Plaintiff's underlying appeal before the Supreme Court of Ohio. Defendants rely principally on their declarations and the electronic communications to support their contention that the failure to mail Plaintiff's memorandum resulted from their understanding, or perhaps misunderstanding, that he lacked sufficient funds for postage, rather than an intent to interfere with his access to the courts. (ECF No. 33, at PAGEID #: 190–192, 197.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled

to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The moving party has the initial burden of proving that no genuine issue of material fact exists, and the court must draw all reasonable inferences in the light most favorable to the nonmoving party." *Stansberry v. Air Wisconsin Airlines Corp.*, 651 F.3d 482, 486 (6th Cir. 2011) (internal quotations omitted); *cf.* Fed. R. Civ. P. 56(e)(2) (providing that, if a party "fails to properly address another party's assertion of fact," then the court may "consider the fact undisputed for purposes of the motion").

The burden then shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255 (citation omitted). "The nonmovant must, however, do more than simply show that there is some metaphysical doubt as to the material facts"—"there must be evidence upon which a reasonable jury could return a verdict in favor of the non-moving party to create a genuine dispute." *Lee v. Metro. Gov't of Nashville & Davidson Cnty.*, 432 F. App'x 435, 441 (6th Cir. 2011) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 56(c) (requiring a party maintaining that a fact is genuinely disputed to "cit[e] to particular parts of materials in the record"). "When a motion for summary judgment is properly made and supported and the nonmoving party fails to respond with a showing sufficient to establish an essential element of its case, summary judgment is appropriate." *Stansberry*, 651 F.3d at 486 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

Finally, "[e]ven when faced with an unopposed motion for summary judgment, the district court cannot grant a motion for summary judgment without first considering supporting evidence and determining whether the movant has met its burden." *Byrne v. CSX Transp., Inc.*, 541 F. App'x 672, 675 (6th Cir. 2013); *see also Delphi Auto. Sys., LLC v. United Plastics, Inc.*, 418 F.

App'x 374, 380–81 (6th Cir. 2011). "But '[i]t is not the duty of the district court . . . to search the entire record to determine whether there is a genuine issue of material fact.'" *Cent. Midwest Carpenters Fringe Ben. Funds, Inc. v. WAI Constr. Grp., LLC*, No. 2:25-cv-264, 2025 U.S. Dist. LEXIS 212325, at *4 (S.D. Ohio Oct. 28, 2025) (quoting *Jones v. Kimberly-Clark Corp.*, 238 F.3d 421 (Table) (6th Cir. 2000) (citing *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404 (6th Cir. 1992))). Instead, "[t]he court may rely on the moving party's unrebutted recitation of the evidence in reaching a conclusion that facts are uncontroverted and that there is no genuine issue of material fact." *Id.* (citing *Jones*, 238 F.3d at 421) (further citations omitted).

## III. ANALYSIS

Defendants contend that summary judgment should be granted in their favor because Plaintiff does not establish that there was a constitutional violation, and that they are thus entitled to qualified immunity.

Qualified immunity protects government officials from liability under 42 U.S.C. § 1983 as long as they did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Tlapanco v. Elges*, 969 F.3d 638, 647 (6th Cir. 2020) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982)); *see also Plumhoff v. Rickard*, 572 U.S. 765, 778, 134 S. Ct. 2012, 188 L. Ed. 2d 1056 (2014). Once a defendant raises qualified immunity, the burden shifts to plaintiff to overcome the defense by showing both that (1) the officer violated a constitutional right and (2) the right was clearly established. *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011); *Mosier v. Evans*, 90 F.4th 541, 546 (6th Cir. 2024). The Court "may address the two-part qualified-immunity test in either order." *Gambrel v. Knox Cnty.*, 25 F.4th 391, 401 (6th Cir. 2022). Raising qualified immunity does not change the summary judgment standard. *Id.* at 400.

**A. Violation of a Constitutional Right**

Defendants are entitled to qualified immunity because no First Amendment access-to-courts constitutional violation occurred.

Under the First Amendment, "inmates have a well-established constitutional right to access the courts" to litigate "direct appeals, habeas corpus applications, and civil rights claims." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). "Prison officials are charged with the responsibility of assuring that inmate access to the courts is 'adequate, effective and meaningful.'" *Patterson v. Mintzes*, 717 F.2d 284, 288 (6th Cir. 1983) (*citing Bounds v. Smith*, 430 U.S. 817 (1977)).

"To establish a deprivation of the right to access the courts, a prisoner must show that the defendant's intentional conduct impeded his efforts to pursue a nonfrivolous claim in a direct criminal appeal, habeas action, or prisoner civil rights action." *Perry v. Rousseau*, No. 21-2645, 2022 U.S. App. LEXIS 12403, at *5 (6th Cir. May 6, 2022) (citing *Lewis v. Casey*, 518 U.S. 343, 351, 354–55 (1996); *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir. 1999); *Sims v. Landrum*, 170 F. App'x 954, 956-57 (6th Cir. 2006)).

Upon review of the evidence provided by Defendant, it appears that Plaintiff is correct—Defendants did not mail out his legal mail to the Supreme Court of Ohio, he missed his filing deadline, and his case was dismissed for failure to prosecute. But the key question the Court must answer is whether Defendants' failure here is sufficient to demonstrate a constitutional violation. Defendants advance two main arguments as to why it does not. First, although Defendants do not explicitly acknowledge the failure head on, they contend any mistake by Defendants would be at most potentially negligent, but that more than negligence is required to survive summary judgment on a constitutional violation. Second, Defendants contend that Plaintiff cannot demonstrate that

he was actually injured because his underlying state court appeal was frivolous. The Court finds both of Defendants' arguments to be well-taken.

First, Defendants are correct that Sixth Circuit caselaw requires more than mere negligence on the part of Defendants. *See Sims v. Landrum*, 170 F. App'x 954, 956 (6th Cir. 2006) (citing *Gibbs v. Hopkins,* 10 F.3d 373, 379 (6th Cir. 1993) ("These actions, if proven, and if intentional, support the claim that prison officials are attempting to deny prisoners effective access to the courts.")). This is consistent with the general principle that negligence is insufficient to rise to a constitutional violation. *See, e.g.*, *Lewellen v. Metropolitan Gov't. of Nashville & Davidson Co. Tenn.*, 34 F.3d 345, 348 (6th Cir. 1994) ("[I]t is now firmly settled that injury caused by negligence does not constitute a "deprivation" of any constitutionally protected interest."). Here, although Plaintiff alleges Defendants never mailed his legal documents to the Supreme Court of Ohio because of his criminal case, at summary judgment he has offered no evidence to support those allegations. Meanwhile, Defendants each offer their declarations, in which they state that they did not know why Plaintiff was incarcerated and that they did not intentionally fail to mail out his documents. (*See* Giffin Decl., Ex. 8, ¶¶11, 15, at PAGEID #: 327–38; Jenkins Decl., Ex. 9, ¶¶ 11, 21, at PAGEID #: 330–31.) Under the circumstances, Defendants' evidence is sufficient to rebut Plaintiff's unsupported allegations. *See Pullen v. SOCF Mail Room*, No. 19-4173, 2020 U.S. App. LEXIS 25981, at *6 (6th Cir. Aug. 14, 2020) (finding summary judgment was appropriate on an access-to-courts claim when the plaintiff failed to provide any evidence of intentional misconduct, as opposed to negligence).

Second, Defendants are likewise entitled to summary judgment because Plaintiff has not proven an actual injury. True, Plaintiff did unfortunately miss the filing deadline because Defendants failed to mail out his legal documents to the Supreme Court of Ohio. But not only

must there have been an impact on his appeal, the appeal itself had to have asserted a non-frivolous claim. *See Winburn v. Howe*, 43 F. App'x 731, 733 (6th Cir. 2002) ("To survive summary judgment, the inmate must establish actual injury to a non-frivolous claim."); *Alford v. Schweitzer*, No. 2:24-cv-194, 2025 U.S. Dist. LEXIS 79103, at *23 (S.D. Ohio Apr. 25, 2025) (finding that the plaintiff must show "that the underlying lawsuit that was adversely affected had at least one non-frivolous claim").

Defendants argue that Plaintiff's appeal before the Supreme Court of Ohio was substantively frivolous. The Court need not delve into the merits of his underlying state court appeal. By failing to respond to Defendant's summary judgment motion, Plaintiff offers no evidence that his appeal was nonfrivolous. Moreover, even if he had, Plaintiff would have faced another barrier—the legal doctrine established in *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994). Under *Heck* and its progeny, a state prisoner's claim under 42 U.S.C. § 1983 is barred "if its success would necessarily imply the invalidity of his conviction or sentence." *Sampson v. Garrett*, 917 F.3d 880, 881 (6th Cir. 2019). As the Sixth Circuit explained:

> Whether *Heck* applies to an access-to-the-court claim alleging state interference with a direct criminal appeal is a new question for us. That it is a new question, however, does not necessarily make it a hard question. Because the right of access is "ancillary to [a lost] underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court," a successful access claim requires a prisoner to show that the defendants have scuttled his pursuit of a "nonfrivolous, arguable" claim.

*Id.*

So too here. Plaintiff can only prove his appeal is nonfrivolous (and that he was actually injured) if he provides evidence that calls into question his state-court conviction. But by challenging his state-court conviction, he necessarily is implicating the invalidity of his conviction or sentence, all of which is barred by *Heck*. *See Pullen*, 2020 U.S. App. LEXIS 25981, at *5 (finding that because the plaintiff's "access-to-the-courts claim can succeed only if he shows that

the defendants prevented him from raising a nonfrivolous challenge on appeal—i.e., only if he implies the invalidity of his conviction or sentence—the claim is barred by *Heck*"); *see also Cooper v. Wamsley*, No. 19-3809, 2020 U.S. App. LEXIS 13008, at *4 (6th Cir. Apr. 22, 2020) (same).

In sum, Plaintiff cannot demonstrate that a constitutional violation occurred because he has not demonstrated that Defendants' actions were more than negligent, nor has he otherwise demonstrated that he suffered injury to a nonfrivolous claim.

### B. Clearly Established Right

Because the Court finds no constitutional violation occurred, the Court need not address whether there was a clearly established right. *See Moore v. Oakland Cnty.*, 126 F.4th 1163, 1167 (6th Cir. 2025).

## IV. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court find Defendants are entitled to qualified immunity and **GRANT** Defendant's Motion for Summary Judgment. (ECF No. 33.)

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further

evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

*/s/ S. Courter M. Shimeall*
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**